# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 4838 | **DATE** | 2/1/2002 |
| **CASE TITLE** | MARY JO MARCHETTA, et al. vs. CHICAGO TRANSIT AUTHORITY, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Davis, Stoll, and Moss' motion for summary judgment [20-1] is granted in part. Judgment is entered for defendants Letina Stoll and William Moss on Counts I and III and against plaintiffs Mary Jo Marchetta and Eileen Philbin. Quinton Davis' motion for summary judgment is denied. The Chicago Police Department is dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m). The joint final pretrial order and agreed jury instructions as to the surviving defendants and claims shall be presented on February 19, 2002 at 9:00 a.m. Plaintiff's draft shall be submitted to defendants by February 12, 2002. Trial is set on March 4, 2002 at 9:00 am. ENTER MEMORANDUM OPINION AND ORDER.
(11) ■ [For further detail see order attached to the original minute order.]

*/s/ Suzanne B. Conlon*

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | **FEB 0 4 2002** | |
| | Notified counsel by telephone. | | date docketed | **30** |
| | Docketing to mail notices. | | *nw* | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | CLERK | 1/31/2002 | |
| | | 02 FEB -1 PM 4:52 | date mailed notice | |
| SB | courtroom deputy's initials | | CB | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARY JO MARCHETTA, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | No. 01 C 4838 |
| | ) | |
| v. | ) | Suzanne B. Conlon, Judge |
| | ) | |
| CHICAGO TRANSIT AUTHORITY, et al. | ) | |
| | ) | |
| Defendants. | ) | |

DOCKETED
FEB 0 4 2002

## MEMORANDUM OPINION AND ORDER

Mary Jo Marchetta and Eileen Philbin (collectively, "plaintiffs") sue Chicago Transit Authority, City of Chicago, Chicago Police Department, Officers Quinton Davis, Letina Stoll, and William Moss for false arrest and imprisonment under Illinois law (Count I) and 42 U.S.C. § 1983 (Count III), and common law negligence (Count II). Counts I and III are asserted against Officers Davis, Stoll, and Moss (collectively, "defendants"). Defendants move for summary judgment.[1]

## BACKGROUND

Although plaintiffs submit a Local Rule 56.1 statement of additional facts, they fail to respond to defendants' Rule 56.1 statement of undisputed facts. Accordingly, all facts contained in defendants' Rule 56.1 facts are deemed admitted. *See* Local R. 56.1(b)(3)(B); *Michas v. Health Cost Controls of Illinois, Inc.*, 209 F.3d 687, 689 (7th Cir. 2000).

All facts are undisputed unless otherwise noted. On June 6, 2000, Officers Davis and Stoll

---

[1] The Chicago Transit Authority, the Chicago Police Department, and the City of Chicago do not move for summary judgment. Count II is asserted against the Chicago Transit Authority only.

1

were stationed at the Chicago Transit Authority ("CTA") train stop at the Thompson Center in Chicago, Illinois. Davis undertook surveillance of the CTA handicap gate to determine if individuals were entering the gate without paying. At 4:15 p.m., Marchetta and Philbin approached the handicap gate. Neither was handicapped. Philbin inserted her card into the gate incorrectly, and then reinserted it again. Marchetta followed Philbin, and inserted her card into the gate. They do not recall if their cards went into the machine or if a fare was deducted from each card. Officer Davis witnessed the plaintiffs insert their cards into the gate. From his location, Officer Davis determined plaintiffs passed through the gate without paying their fares. He summoned plaintiffs to his location. Plaintiffs showed Officer Davis their fare cards. Officer Davis informed them he witnessed the insertion of their fare cards into the machine, and stated "the fare cards did not work" because "the gate was broken." Pl. 56.1 Facts at ¶ 16; Def. 56.1 Facts at ¶ 25. Officer Davis arrested plaintiffs for theft of services, and escorted plaintiffs to a CTA booth where Officer Stoll was stationed. Officer Davis informed Officer Stoll that plaintiffs had entered through the handicap gate without paying the required fare. Officer Stoll took plaintiffs to a Chicago police station where they were searched, photographed, fingerprinted, and placed in a holding cell. Officer Stoll completed a general offense case report and explained the bond process. Plaintiffs were released from custody at 8:00 p.m, approximately 4 hours after their arrest. Following their release, Sergeant Moss read and signed plaintiffs' case report. The charges were dismissed later that month.

## DISCUSSION

### I. Summary Judgment Standard

Summary judgment is proper when the moving papers and affidavits show there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ.

2

P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *King v. National Human Res. Comm.*, 218 F.3d 719, 723 (7th Cir. 2000). Once a moving party has met its burden, the non-movant must go beyond the pleadings and set forth specific facts showing there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Silk v. City of Chicago*, 194 F.3d 788, 798 (7th Cir. 1999). The court considers the record as a whole and draws all reasonable inferences in the light most favorable to the nonmoving party. *Bay v. Cassens Transp., Co.*, 212 F.3d 969, 972 (7th Cir. 2000). A genuine issue of material fact exists when the evidence is sufficient to support a reasonable jury verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000).

## II.    False Arrest and Imprisonment Against Officer Davis

### A.    Probable cause

To succeed on a § 1983 and state law claim for false arrest and imprisonment, plaintiffs must prove Officer Davis lacked probable cause for the arrest. *Myatt v. City of Chicago*, 816 F.Supp. 1259, 1266 (N.D. Ill. 1992); *Davis v. Temple*, 284 Ill. App. 3d 983, 990, 673 N.E.2d 737, 742 (1996). A police officer has probable cause to arrest when the facts and circumstances within his knowledge and of which he has reasonably trustworthy information are sufficient to warrant a prudent person to believe the suspect had committed or was committing an offense. *Booker v. Ward*, 94 F.3d 1052, 1057 (7th Cir. 1996). Probable cause is an absolute bar to a § 1983 and state law action for false arrest and imprisonment. *Fernandez v. Perez*, 937 F.2d 368, 370 (7th Cir. 1991); *Davis v. Thillman*, No. 93 C 9335, 1994 WL 14620, at *5 (N.D. Ill. Jan. 19. 1994).

At the outset, plaintiffs assert they did not commit the crime of theft of services because the applicable Illinois statute, 720 ILCS § 5/16-3(a), requires an individual to board a CTA train before

3

a criminal act occurs. To commit the crime of theft of services, a defendant must obtain a CTA service by boarding a train. *People v. Davis*, 5 Ill. App. 3d 95, 97, 283 N.E.2d 317, 318 (1st Dist. 1972). In *Davis*, the court overturned the defendant's conviction because he was apprehended before he boarded the train. *Id.* According to plaintiffs, Officer Davis lacked probable cause because the crime was not completed at the time of their arrest. However, a police officer has probable cause to arrest when a suspect is in the process of committing an offense. *United States v. Sawyer*, 224 F.3d 675, 678-79 (7th Cir. 2000). Probable cause does not require evidence sufficient to support a conviction. *United States v. Burrell*, 963 F.2d 976, 986 (7th Cir. 1992). Instead, probable cause exists if the totality of circumstances, viewed in a common sense manner, reveals a probability or substantial chance of criminal activity by the suspect. *United States v. Levy*, 990 F.2d 971, 973 (7th Cir. 1993). At the time plaintiffs purportedly crossed the gate without paying, plaintiffs were in the process of committing a crime under Illinois law. *See Hegwood v. Carson Pirie Scott, et al.*, No. 97 C 9302, 1990 WL 51695, at *2 (N.D. Ill. Apr. 17, 1990) (defendant who passed through a CTA gate without paying was in the process of committing theft of services). It is undisputed plaintiffs passed through the CTA gate to board a train. Thus, Officer Davis' arrest of plaintiffs before they had boarded a CTA train does not affect the probable cause determination.

Defendants contend Officer Davis had probable cause to arrest because he witnessed plaintiffs pass through a CTA gate without paying a fare. Def. 56.1 Facts at ¶ 22. However, it is undisputed Officer Davis observed plaintiffs place their fare cards in the CTA gate. Pl. 56.1 Facts at ¶ 15. Moreover, Officer Davis informed plaintiffs their fare cards did not work because the gate was broken. *Id.* at ¶ 16. Viewing the evidence in the light most favorable to plaintiffs, Officer Davis knew the CTA gate was broken and could not deduct a fare. *Id.* To establish probable cause, Officer

4

Davis must have reasonable, trustworthy information that a crime had been committed. Defendants provide no additional evidence to support Officer Davis' conclusion that plaintiffs had not paid the fare. Thus, the only inference that can be drawn is that Officer Davis determined plaintiffs failed to pay because the CTA gate was not functioning. Theft of services requires a defendant to obtain a service by threat, deception, or lack of consent. 720 ILCS § 5/16-3(a). In *Petersen v. Gibson*, No. 97 C 4123, 1998 WL 474177, at *2 (N.D. Ill. Aug. 7, 1998), the court declined to conclude as a matter of law that a police officer had probable cause where the officer knew plaintiff failed to pay for a haircut because she was discontented with the result. The court determined the officer's knowledge of plaintiff's discontent could negate probable cause to arrest for theft of services. *Id.* Similarly, Officer Davis' knowledge of the inoperative CTA gate raises a genuine factual dispute as to whether Officer Davis had a reasonable basis to conclude a crime was committed.

In response, defendants rely on plaintiffs' admission that they cannot confirm if the CTA gate deducted the required fares. Plaintiffs' knowledge is irrelevant to determine probable cause. The inquiry focuses on whether Officer Davis' belief was reasonable. *Qian v. Kautz*, 168 F.3d 949, 953 (7th Cir. 1999). Defendants contend the non-disabled plaintiffs' use of a disabled gate demonstrates probable cause. Def. Br. at 8. However, defendants fail to advance any evidence to establish non-disabled CTA passengers were forbidden from using the disabled gate. Nor do defendants demonstrate a non-disabled passenger's use of a disabled gate supports a reasonable inference that a crime is in progress. *See Booker*, 94 F.3d at 1057 (probable cause exists as a matter of law when only one reasonable inference can be drawn from the facts). Accordingly, plaintiffs raise a genuine factual dispute as to the reasonableness of Officer Davis' probable cause determination.

5

### B.  Qualified Immunity

Qualified immunity protects officials who reasonably but mistakenly conclude that probable cause to arrest exists. *Spiegel v. Cortese*, 196 F.3d 717, 723 (7th Cir. 2000). The arresting officer is immune from liability if a reasonable officer could have believed plaintiffs' arrest and imprisonment were lawful under clearly established law and with the information the arresting officer possessed. *Hunter v. Bryant*, 483 U.S. 224, 227 (1991). To determine whether an officer's conduct violated clearly established law, the court considers: (1) whether the law was clearly established when the challenged conduct occurred; and (2) "whether reasonably competent officials would agree on the application of the clearly established right to a given set of facts." *Biddle v. Martin*, 992 F.2d 673, 675 (7th Cir. 1993).

Under the first prong, plaintiffs had a clearly established right to be free from arrest and imprisonment without probable cause. *Jenkins v. Keating*, 147 F.3d at 585 (7th Cir. 1998). Turning to the second prong of the test, Officer Davis knew the gate was not accepting fare cards at the time he observed plaintiffs at the CTA gate. He witnessed plaintiffs place their fare cards into the gate. After they walked through, Officer Davis arrested them for theft of services. Police officers are permitted to make mistakes, but the mistakes must be reasonable. *Brinegar v. United States*, 338 U.S. 160, 176 (1949). Officer Davis' knowledge of the existence of the defective gate raises a genuine dispute of fact whether a reasonable officer could conclude a crime was committed. *See Christopher v. Village of Steger*, No. 95 C 593, 1996 WL 197567, at *5-6 (N.D. Ill. Apr. 18, 1996) (denying summary judgment on qualified immunity where reasonable officers could disagree on the existence of probable cause). Thus, as a matter of law, the court cannot conclude a reasonable, competent officer would believe he had probable cause to arrest plaintiffs.

## C. Illinois Tort Immunity Act

Officer Davis argues he cannot be liable for false arrest and imprisonment under the Illinois Tort Immunity Act, 745 ILCS § 10/2-202 ("the Act"). The Act provides that a public employee is not liable for any "act or omission in the execution or enforcement of any laws unless such act or omission constitutes willful and wanton conduct." *Id.* Put another way, Officer Davis is immune from tort liability unless he acted willfully and wantonly. Under the Act, willful and wanton conduct is conduct "which is intentional or committed under circumstances exhibiting a reckless disregard for the safety of others." *Glover v. City of Chicago*, 106 Ill. App. 3d 1066, 436 N.E.2d 623, 630 (1982). Whether a person is guilty of willful and wanton conduct is a question of fact that is generally reserved for the jury. *Id.* The same genuine issues of fact that preclude summary judgment on plaintiffs' § 1983 and state law claims preclude summary judgment on Officer Davis' purported willful and wanton conduct. *See Davis*, 1994 WL 14620, at *5. Accordingly, summary judgment must be denied on plaintiffs' false arrest and imprisonment claims against Officer Davis.

## II. False Arrest and Imprisonment Against Officers Stoll and Moss

Officers Stoll and Moss move for summary judgment on plaintiffs' § 1983 and state law false arrest and imprisonment claims. An officer has probable cause when he receives information from a credible eyewitness that a suspect is committing a crime. *Jenkins*, 147 F.3d at 585. Police officers are entitled to rely on allegations of other officers. *Martinez v. Simonetti*, 202 F.3d 625, 634 (2d Cir. 2000). "The police who actually make the arrest need not personally know all the facts that constitute probable cause if they reasonably are acting at the direction of another officer or police agency." *United States v. Valencia*, 913 F.2d 378, 383 (7th Cir. 1990). Officer Davis brought plaintiffs to Officer Stoll. Officer Davis informed Officer Stoll he observed plaintiffs enter the gate without

7

paying the fare. Def. 56.1 Facts at ¶ 28. Officer Stoll did not witness plaintiffs' arrest or the events leading to the arrest. *Id.* at ¶ 27. It is undisputed Officer Davis did not give Officer Stoll any reason to disbelieve his observations. *Id.* at ¶ 29. Officer Stoll relied on Officer Davis' statement in escorting plaintiffs to the police station and charging them with theft of services. Viewing the evidence in the light most favorable to plaintiffs, no reasonable jury could conclude Officer Stoll lacked probable cause for plaintiffs' arrest. *See Valencia*, 913 F.2d at 383. For the same reasons, Officer Stoll is immune from § 1983 liability under qualified immunity.

Sergeant Moss was not present at the CTA station, he did not witness the events at the CTA gate, and he was not involved in plaintiffs' arrest. Def. 56.1 Facts at ¶¶ 34-35. After plaintiffs were released from custody, Sergeant Moss read and signed the general offense case report. *Id.* at ¶ 33. "An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation." *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (1983). In *Jenkins*, the court held a police officer did not participate in a constitutional violation where he merely signed a criminal complaint after plaintiff was released. *Jenkins*, 147 F.3d at 585. *Jenkins* is factually analogous. It is undisputed Sergeant Moss only signed the report after plaintiffs were released. Thus, Sergeant Moss did not participate or cause the purported false arrest and imprisonment. *See also Hegwood v. Carson Pirie Scott*, No. 87 C 9302, 1992 WL 275592, at *3 (N.D. Ill. Oct. 1, 1992) (CTA supervisor was not liable for false arrest when he signed a complaint relying on police officer's information). As a matter of law, Sergeant Moss cannot be held liable under § 1983 for false arrest and imprisonment.

Finally, plaintiffs fail to advance evidence demonstrating Officer Stoll or Sergeant Moss engaged in willful and wanton conduct. Thus, plaintiffs' state law false arrest and imprisonment claim against Officer Stoll and Sergeant Moss are barred under the Illinois Tort Immunity Act. *See*

745 ILCS § 10/2-202. Accordingly, summary judgment must be granted on plaintiffs' § 1983 and state law claims against Officer Stoll and Sergeant Moss.

February 1, 2002

ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge